

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| United States, | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO. 1:06cr477** |
| | ) | |
| vs. | ) | **JUDGE DAN A. POLSTER** |
| | ) | |
| John Kafas, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Defendant John Kafas has filed a motion to vacate plea or in the alternative for new trial. For the reasons set forth below, the motion is denied.

On May 7, 2007, defendant John Kafas entered a plea of guilty to counts 2 and 3 of the indictment, pursuant to a written plea agreement. Both counts pertained to allegations that Kafas, while employed by Skyway Industrial Painting & Contracting, participated in bribing an ODOT inspector with respect to bridge painting contracts. Defendant's brother George Kafas, the principal of the corporation, was also charged, but he remains a fugitive in Greece. At the change of plea hearing, counsel for both defendant John Kafas and the United States advised the court that they knew of no reason why Kafas was not competent to enter a guilty plea. The Court carefully complied with Rule 11 in going over the plea agreement with Kafas, insuring itself that

the plea was knowing and voluntary, that Kafas was satisfied with his attorney's representation, and that Kafas understood all the rights he had and the rights he was giving up by pleading guilty. The Court was particularly careful in the change of plea colloquy, as the Court had previously extended the change of plea deadline because when Kafas appeared in court he was emotionally distraught. On May 7, 2007, by contrast, defendant Kafas appeared calm and clear-headed. He had no difficulty responding to the court's questions, and he acknowledged his participation in the bribery. At no time during the hearing did Kafas say anything to suggest that he was not of sound mind, that his plea was not knowing and voluntary, and that he was not guilty of the crimes to which he was pleading guilty.

Sentencing was continued a number of times, and ultimately, on December 10, 2007, the Court sentenced Kafas to 18 months custody, three years of supervised release, and a $200 special assessment. At no time during the seven months between his guilty plea and sentencing did Kafas take any step to withdraw his guilty plea. Throughout this time, Kafas was represented by attorney David Lynch.

On January 18, 2008, Kafas, still represented by attorney Lynch, filed a motion to withdraw his guilty plea or in the alternative for a new trial. (ECF 62) The motion recited that "Kafas has represented to counsel that he was not of sound mind at the time of the entry of his plea of guilty, at the time of the signing of the Plea Agreement, and at the time of sentencing." On February 7, 2008, attorney Lynch filed an additional pleading (ECF 65) along with a February 6, 2008 Affidavit of Kafas, in which Kafas asserts that he was under the influence of crack cocaine when he entered his guilty plea, that now his mind is focused and clear, and that he is

2

guilty of passing an envelope, but not of bribery.

In its responsive pleading (ECF 64), the United States correctly points out that Rule 11(e) of the Federal Rules of Criminal Procedure provides that after the Court imposes sentence, the defendant may not withdraw his guilty plea, and the plea may be set aside only on direct appeal or collateral review. Kafas did not appeal his conviction and/or sentence, the time for direct appeal has passed, and in his plea agreement, Kafas waived his right to appeal. Also in that plea agreement (ECF 40, paragraph 13), Kafas explicitly waived his right to collateral review, save for any claim of ineffective assistance of counsel or prosecutorial misconduct.

In his latest filing (ECF 65), attorney Lynch suggests that Kafas' motion is in fact a collateral attack under 28 U.S.C. Section 2255, and that the sentence was unconstitutional because Kafas was not of sound mind when he entered his guilty plea. If this is what Kafas is contending, Kafas has waived this claim in his plea agreement. The Court carefully went through this waiver with Kafas at the change of plea hearing. Should the Court construe Kafas' motion as a 2255 petition claiming ineffective assistance of counsel, the Court notes that attorney Lynch cannot file this motion on Kafas' behalf, as he was the attorney who represented Kafas at the change of plea hearing and stated on the record that he knew of no reason why Kafas was not competent on that date to enter a change of plea. Even were the Court to accept this filing, the Court would deny the motion, as Kafas has not supported his claim with any medical evidence that he was not of sound mind on May 7, 2007. In the absence of such evidence, Kafas cannot refute his own sworn testimony on May 7, 2007 which establishes that he knowingly and voluntarily pleaded guilty.

3

Accordingly, Kafas' motion to withdraw guilty plea or in the alternative for new trial is

**DENIED.**

**IT IS SO ORDERED.**

Dan Aaron Polster
United States District Judge